UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIMA NASSIRI,

    Petitioner,

v.

THOMAS MACKIE,

    Respondent.

_____/

Case No. 1:18-cv-213

HON. JANET T. NEFF

## **OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition as time-barred by the one-year statute of limitations and deny a certificate of appealability (COA). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

The Magistrate Judge properly determined that Petitioner's petition, which was filed one day beyond the limitations period, was filed late (R&R, ECF No.3 at PageID.126-129, citing *United States v. Locke*, 471 U.S. 84, 100-01 (1985) ("A filing deadline cannot be complied with, substantially or otherwise, by filing late—even by one day.")). Petitioner does not dispute this

determination. Although Petitioner did not argue for equitable tolling in his original petition, the Magistrate Judge anticipated the argument and further determined that he is not entitled to equitable tolling (*id.* at PageID.130). The Magistrate Judge reasoned that "[a] 'garden variety claim of excusable neglect' such as a simple miscalculation of the limitations period, does not warrant equitable tolling" (*id.*, quoting *Holland v. Florida*, 560 U.S. 631, 651 (2010)).

**Petitioner's First Objection—Tolling**

Petitioner first argues that the Magistrate Judge erred by not recommending that this Court equitably toll the limitations period (Pet'r Obj., ECF No. 4 at PageID.134-137). In the affidavit attached to Petitioner's objections, counsel for Petitioner admits that she initially miscalculated the deadline from her DateFinder device and that when Petitioner expressed concern about the accuracy of the deadline, she "used the DateFinder again" and again miscalculated the date (Aff. ¶¶ 20-22, ECF No. 4-1 at PageID.144). Petitioner argues that his "attorney's conduct in determining the accuracy of the filing deadline was seriously negligent and is an extraordinary circumstance sufficient to equitably toll the limitations period" (Pet'r Obj., ECF No. 4 at PageID.134). Petitioner's argument lacks merit.

A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). At issue is whether Petitioner's attorney's conduct in this case constitutes an "extraordinary circumstance" that would warrant equitable relief.

In *Holland,* a habeas case also concerning a missed one-year deadline, the Supreme Court considered whether an attorney's unprofessional conduct can count as an "extraordinary circumstance" justifying equitable tolling. The Supreme Court distinguished between (1) where a

client is represented by a negligent attorney, which, however the negligence is styled, is not an extraordinary circumstance warranting equitable tolling; and (2) where a client has been abandoned by his attorney, which would suffice to establish extraordinary circumstances beyond the petitioner's control. 560 U.S. at 651-52, 659. As the Magistrate Judge pointed out, the Supreme Court held in *Holland* that a "'garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.* at 651-52 (internal citations omitted).

In his concurring opinion in *Holland*, Justice Alito explained that "[t]he principal rationale for disallowing equitable tolling based on ordinary attorney miscalculation is that the error of an attorney is constructively attributable to the client and thus is not a circumstance beyond the litigant's control." 560 U.S. at 657 (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). Indeed, according to Justice Alito, "[t]hat rationale plainly applies regardless of whether the attorney error in question involves ordinary or gross negligence." *Id.*

In *Maples v. Thomas*, 565 U.S. 266 (2012), a habeas case concerning "cause" to excuse procedural default, the Supreme Court further elucidated under agency principles the difference between attorney negligence and attorney abandonment. The Supreme Court reasoned that a prisoner's postconviction attorney's negligence does not qualify as "cause" because the attorney is the prisoner's agent, and the principal bears the risk of his agent's negligent conduct. *Id.* at 281 (citing *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991)). Thus, the Court held that "when a petitioner's postconviction attorney misses a filing deadline, the petitioner is bound by the oversight and cannot rely on it to establish cause." *Id.* In contrast, where an attorney "is not operating as his [client's] agent in any meaningful sense of that word," "a client cannot be charged with the acts or omissions of an attorney who has abandoned him." *Id.* at 283.

3

In both *Holland* and *Maples*, the Supreme Court identified miscalculation of a filing deadline as an example of ineffectiveness that does not support equitable tolling. While the "exercise of a court's equity powers ... must be made on a case-by-case basis," *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964), the facts of this case simply do not warrant equitable tolling under the rigid rules set forth in the controlling precedent, and Petitioner does not assert that further proceedings, including an evidentiary hearing, might indicate that he should prevail. Miscalculating a deadline twice in preparation for filing a petition does not push this case into the "attorney abandonment" column. Petitioner does not assert, and the affidavit does not support, the proposition that his attorney abandoned him, or that the attorney had detached herself from any trust relationship with her client such that Petitioner was left without any functioning attorney of record. Rather, the facts at bar indicate that the attorney was clearly acting as Petitioner's agent, albeit an ineffective one, with harsh results for Petitioner. Petitioner's first objection is therefore denied.

**Petitioner's Second Objection—Certificate of Appealability**

The Court next turns to Petitioner's objection to the Magistrate Judge's recommendation to deny a certificate of appealability. As indicated by the Magistrate Judge, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.*

Petitioner argues, with no further elaboration, that the "denial of equitable tolling, whether on the basis of lack of diligence or lack of extraordinary circumstances, is debatable among reasonable jurists" (Pet'r Obj., ECF No. 4 at PageID.137). However, Petitioner cannot satisfy the procedural prong of the *Slack* test. Application of the statute of limitations is a plain procedural bar that is present on the face of the petition. *See, e.g., Bradley v. Birkett*, 156 F. App'x 771, 775 (6th Cir. 2005); *Channels v. McLemore*, 34 F. App'x 153, 154 (6th Cir. 2002). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 4) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 3) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue presented.

Dated: December 7, 2018  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge